## UNITED STATES DISTRICT COURT
### for the NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| GEOVISION INC., | ) | CASE NO. 4:06-cv-649 |
| 9F, 246, Nei Hu Rd., Sec. 1 | ) | |
| Taipei City 11443 | ) | |
| TAIWAN | ) | Judge Economus |
|                Plaintiff, | ) | |
| | ) | Magistrate Judge Limbert |
|     v. | ) | |
| | ) | |
| PCSURVEILLANCE.NET LLC, | ) | **CONSENT JUDGMENT AND** |
| 252 W. Main Street | ) | **STIPULATED ORDER FOR** |
| Cortland, Ohio 44410 | ) | **PERMANENT INJUNCTION** |
| | ) | **AND MONETARY RELIEF** |
| STEPHAN KARCHUT, | ) | **AGAINST DEFENDANTS** |
| 252 W. Main Street | ) | **PCSURVEILLANCE.NET LLC** |
| Cortland, Ohio 44410 | ) | **AND STEPHAN KARCHUT** |
| | ) | |
|                Defendants. | ) | |

      Plaintiff Geovision Inc. ("Geovision") has filed herein a Verified Complaint against Defendants PCSurveillance.net LLC ("PC Surveillance") and Stephan Karchut ("Defendant Karchut" and, together with PC Surveillance, "Defendants") for damages and injunctive and other equitable relief. On May 9, 2006, the Court entered a Stipulated Preliminary Injunction Order Against Defendant Karchut and the Clerk entered a default judgment against PC Surveillance. On May 11, 2006, the Court ordered PC Surveillance's default judgment hearing and Defendant Karchut's trial on the merits to take place in one consolidated hearing on June 14, 2006. In lieu of this consolidated hearing, Geovision and Defendant Karchut, having been represented by the attorneys whose names appear hereafter, and PC Surveillance, have agreed to the entry of this Consent Judgment and Stipulated Order for Permanent Injunction and Monetary Relief ("Consent Judgment" or "Order") by the Court to resolve all matters in dispute among them in this action. Both Defendants, having signed and consented to the entry of this Order

without trial or adjudication of any issue of law or fact herein, have agreed that the entry of this Order by the Court and its filing by the Clerk will constitute notice to each of them of the terms and conditions of the Order. The parties having requested the Court to enter this Order,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

## I. FINDINGS

1.      The Complaint seeks permanent injunctive relief against Defendants for: (a) infringing Geovision's copyright in its proprietary software (the "Geovision Software"), including without limitation by creating unauthorized copies of the Geovision Software (the "Counterfeit Software") through the burning of installation CDs (each, an "Infringing Disc"); (b) circumventing Geovision's copyright protection mechanism by manufacturing and/or causing to be manufactured, and/or importing, distributing, and offering to the public a "GeoVision Based USB Software Dongle" (the "Dongle") so that Defendants' customers who purchased digital video surveillance or DVR cards known as "GeoVision Based" DVR cards ("Defendants' DVR Cards") would have the ability to upgrade to the latest version of the Geovision Software as and when new versions are released by Geovision; and (c) using the designations "Geovision," "GV," and/or "Geovision-based" and other designations and descriptive terms likely to cause confusion, mistake, or to deceive, including without limitation on web sites affiliated with PC Surveillance or with Defendant Karchut, or with both, and on and/or in advertising and media associated with PC Surveillance or with Defendant Karchut, or with both.

2.      This Court has original subject matter jurisdiction under the provisions of 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Copyright Act, 17 U.S.C. § 101 *et seq*, and the Lanham Act, 15 U.S.C. § 1051 *et seq*. This Court has jurisdiction under the provisions of 28 U.S.C. § 1338(b) because this action asserts claims of unfair competition under

the laws of the State of Ohio and is joined with substantially related claims under the Copyright Act and the Lanham Act. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

3.      Geovision, which began doing business in the United States in 2000, is widely acknowledged as a leader in the digital surveillance industry. Geovision supplies train stations, stadiums, and other organizations with its digital surveillance products, particularly a printed circuit board (the "Geovision DVR Card"), together with the proprietary Geovision Software, which is loaded from "shareware" available on Geovision's web site or via an installation CD. Geovision is the recipient of many prestigious technology awards, including the 2005 Deloitte Technology Fast 500 Asia Pacific Award, the 2005 Golden Root Award, the 2004 Outstanding I.T. Applications/Product Award, and the 2004 Award for Industrial Technology Advancement.

4.      In order to protect the Geovision Software, Geovision took steps to secure valid copyright protection under the Copyright Act. For example, Geovision applied for and received a copyright registration for the Geovision Software's software icons (the "Software Icons") and its distinctive "human eye" logo/signature photograph (the "Geovision Logo/Photograph" and, together with the Software Icons, the "Geovision Registered Software"): Copyright Registration No. VA 1–325-50 for a work entitled "GeoVision Surveillance System Software Screen Displays" dated January 10, 2006.

5.      Pursuant to 17 U.S.C. § 106, as the original copyright owner, Geovision has the exclusive right to reproduce the Geovision Registered Software in copies, to prepare derivative works based on the Geovision Registered Software, and to distribute copies of the Geovision Registered Software to the public.

6.      Geovision has undertaken effort to identify the Geovision Software, including the Geovision Registered Software, together with the Geovision DVR Card and a user's manual (collectively, the "Geovision System") generally as associated with and/or sponsored by Geovision.  For example, in operation, screen displays from the Geovision Software prominently identify the source of the Geovision Software and the Geovision System as Geovision, and numerous files in the Geovision Software are either labeled with Geovision's name or "GV." Customers and potential customers of Geovision believe that Geovision is the source of the Geovision Software and Geovision System.

7.      At all times relevant hereto, the proprietary nature of the Geovision System, including without limitation the Geovision Software, and the scope and limitation of rights thereto were known by Defendants.

8.      Defendants have operated two e-commerce web sites on the Internet through the domain names www.discountdvr.net ("Defendants' Discount Site") and www.pcsurveillance.net ("Defendants' Main Site" and, together with Defendants' Discount Site, "Defendants' Web Sites"), where consumers have had an opportunity to purchase a variety of digital surveillance products.

9.      Through Defendants' Web Sites, Defendants have actively promoted the sale of and distributed products within and without this judicial district and, through Defendants' Main Site, continue to do so.

10.      PC Surveillance was an authorized distributor of Geovision's products for a short period of time in 2003, but was terminated as a distributor by Geovision for selling counterfeit products.

4

11.     After being terminated as an authorized Geovision distributor and up until November 2005, Defendants distributed Defendants' DVR Cards within and without this district as "GeoVision Based" DVR cards.

12.     PC Surveillance purchased $6,899.00 U.S.D. worth of DVR card products, identified by the serial numbers HW 600, HW 650, HW 800, HW 900, and HW 1000 (the "Howell Products") from Howell International Electronic Co., Ltd., a/k/a Howell Tech ("Howell"), a private limited liability company organized and existing under the laws of China, and sold such DVR card products to the public as "Geo Vision Based" cards.  Neither PC Surveillance nor Defendant Karchut procured these "GeoVision Based" cards from any party other than Howell.  Howell shipped the "GeoVision Based" products to PC Surveillance in the State of Ohio pursuant to purchase orders made by PC Surveillance.

13.     PC Surveillance received aggregate sales proceeds of $13,080.00 U.S.D. as a result of such sales.  Such products, to Defendant Karchut's knowledge, are still in the possession of the consumers who purchased them except for a single investigative purchase.

14.     In some instances, when requested by the purchaser, Defendants, without Geovision's permission, created unauthorized copies of the Counterfeit Software through the burning of the Infringing Discs and distributed copies of the Infringing Discs with Defendants' "Geo Vision based" Cards.  In these instances, the Counterfeit Software on the Infringing Discs was identical in every respect to the Geovision Software.  In these instances, even the Geovision Logo/Photograph and the Software Icons, all of which were registered with the U.S. Copyright Office, were reproduced in the Counterfeit Software on the Infringing Discs.

15.     Defendants' aforementioned activities have injured Geovision.  More specifically, the reproduction, promotion, exploitation, sale and distribution of the Counterfeit Software

5

without a license for the Geovision Software, including without limitation the Registered Software, would and does constitute copyright infringement for which Defendants are directly liable pursuant to the Copyright Act.

16.    In addition, Defendants' aforementioned activities have diminished Geovision's goodwill in the "GeoVision" brand among some consumers and resulted in lost sales of the genuine Geovision DVR Cards.

17.    Defendants' use of various "GV" prefixes on Defendants' Web Sites and Defendant's representations on Defendants' Web Sites that (a) Defendants' GeoVision Based Cards employed the "exact same board" as the Geovision DVR Card, and (b) Defendants' products are "GeoVision based" constituted false or misleading statements of act in commercial advertising or promotion, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §§ 1125(a)(1)(A) and (B), as well as unfair competition under the laws of the State of Ohio.

18.    Defendants' false or misleading statements have resulted in actual harm to Geovision either by direct diversion of sales from Geovision to Defendants or by lessening of the goodwill that the Geovision System and Geovision products, including without limitation the Geovision DVR Cards and the Geovision Software, enjoy with the buying public.

19.    Geovision has no adequate remedy at law, and the conduct of Defendants has caused irreparable damage to Geovision and would continue to cause irreparable harm to Geovision if not enjoined.

20.    The Court granted the parties' Stipulated Preliminary Injunction Order Against Stephan Karchut, such Order being effected on May 9, 2006.

21.    Defendant Karchut has consented to the permanent injunction contained in this final Order.

22.     Defendant Karchut has waived all rights to seek judicial review or otherwise challenge or contest the validity of this final Order.

23.     The Clerk entered judgment by default against PC Surveillance on May 9, 2006.

24.     PC Surveillance does not and did not object to the propriety of the May 9, 2006 entry of default judgment and has consented to the permanent injunction contained in this final Order.

25.     PC Surveillance has waived all rights to seek judicial review or otherwise challenge or contest the validity of this final Order.

26.     The person signing on behalf of PC Surveillance below has the authority to sign on PC Surveillance's behalf and to bind PC Surveillance to the agreements made herein and the permanent injunction contained in this final Order.

27.     Entry of this Order is in the public interest.


## II.      PROHIBITED BUSINESS ACTIVITIES

**IT IS ORDERED, ADJUDGED, AND DECREED** that Defendants, each of them, and their representatives, partners, shareholders, agents, servants and employees, and all other persons or other entities in active concert or participation with PC Surveillance or with Defendant Karchut, or with both, who receives actual notice of this Order by personal service or otherwise, directly or through any corporation, subsidiary, division, or other device, in connection with the advertising, promotion, offering for sale, sale, or distribution of any product or service in or affecting commerce, are hereby restrained and enjoined from:

7

1.      Directly or indirectly infringing Geovision's copyright in the Geovision Software, including without limitation by creating unauthorized copies of the Geovision Software through the burning of additional installation CDs, or otherwise;

2.      Directly or indirectly infringing Geovision's copyright in the Geovision Software by publishing, marketing, importing, selling and/or distributing copies of the Infringing Discs and/or the Counterfeit Software;

3.      Directly or indirectly manufacturing, producing, marketing, advertising, selling or distributing digital video surveillance or DVR cards presently known as "GeoVision Based" DVR cards, namely, the Howell Products, the Howell Software, and/or the Dongle;

4.      Directly or indirectly using the designations "Geovision," "GV," and/or "Geovision-based" or any other designation or term that is likely to cause confusion, mistake, or to deceive, including without any limitation any use on any web site affiliated with PC Surveillance or with Defendant Karchut, or with both, or on and/or in any advertising and media associated with PC Surveillance or with Karchut, or with both; and

5.      Ceasing and desisting any and all acts of unfair competition as alleged in the Verified Complaint that has been filed by Geovision in this action.

### III.      COOPERATION

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant Karchut will cooperate with Geovision in the identification of (1) information relating to the purchasers of Defendants' DVR Cards, including without limitation their names and any contact information, and (2) source(s) of supply of Defendants' DVR Cards and any other suppliers of "Geo Vision Based" products of which he becomes aware.

8

## IV.    NOTICES

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Geovision may, in its sole discretion, issue the following notice (or similar notice) to each customer who purchased one of Defendants' DVR Cards or any "Geo Vision Based" products:

> You recently purchased a "Geo Vision Based" DVR card (with associated software and accessories) from www.discountdvr.net or www.pcsurveillance.net. The item was not manufactured by or authorized for sale by Geovision Inc., the marketer of genuine Geovision digital surveillance products. The "GeoVision Based" product that you purchased does not meet Geovision's quality standards. You may purchase genuine Geovision products through www.geovision.com.tw.

## V.    DESTRUCTION OF "GEO VISION BASED" PRODUCTS

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants will destroy all "Geo Vision Based" products and printed materials (*e.g.*, software, instructions) accompanying same that are still in PC Surveillance's or Defendant Karchut's possession, custody or control and will report to the Court and Geovision the manner, means, and timing of such destruction within thirty (30) days of the date of this Order.

## VI.    LETTER OF APOLOGY

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Karchut and PC Surveillance will sign a letter of apology, the form of which is attached hereto and made a part hereof as Exhibit A (the "Letter Of Apology"), and will deliver same to counsel for Geovision within five (5) business days after the entry of this Order. The Letter of Apology and this Order may be publicized by Geovision, in its sole discretion, without restriction.

## VII.   REDRESS, RESTITUTION AND MONEY DAMAGES

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that

1.      Judgment is hereby entered in favor of Geovision and against Defendants jointly and severally for equitable and monetary relief as provided below, including without limitation redress, restitution, and money damages. Defendants forever disclaim all right, title, and interest in all sums paid pursuant to this Judgment, and no funds paid pursuant to this Judgment will be returned to either or both Defendants.

2.      Judgment in the amount of Two Thousand Dollars ($2,000.00) (the "Monetary Judgment"), in recognition of damages and expenses resulting from Defendants' conduct.

3.      Provided that Defendants have first paid Geovision the Monetary Judgment and PC Surveillance has delivered to Geovision the Letter Of Apology, Geovision will file a satisfaction of judgment relating to the judgment against Defendants within ten (10) days following the entry of this Order.


## VIII.   CONTINUING JURISDICTION

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court will retain jurisdiction of this matter for all purposes.


## IX.   WAIVER OF DEFENSES AND CLAIMS

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants have waived all defenses and counterclaims that they have or could have asserted against Geovision in this action. Defendants further waive and release any claims that they have or may have against Geovision or its employees, agents, or representatives, and successors.

10

## X.     ENTRY BY CLERK

There being no just reason for delay, the Clerk of the Court is hereby directed to enter this Order.

The parties hereby stipulate and agree to entry of the foregoing Order, which will constitute a final judgment against both PC Surveillance and Defendant Karchut in this action.

*Remainder of page intentionally left blank.*

SIGNED AND STIPULATED BY:

Dated: August____7___, 2006

Steven M. Auvil (Ohio Bar No. 0063827)
Mark E. Avsec (Ohio Bar No. 0064472)
**BENESCH, FRIEDLANDER,
COPLAN & ARONOFF, LLP**
2300 BP Tower, 200 Public Square
Cleveland, OH  44114-2378
Telephone:  (216) 363-4500
Direct:  (216) 363-4686
Facsimile:  (216) 363-4588

*Attorneys for Geovision Inc.*

Dated: August____7___, 2006

Shannon McCue (Ohio Bar No. 0069770)
**RENNER, KENNER**
4th Floor First National Tower
Akron, Ohio 44308
Telephone:  (330) 376-1242
Facsimile:  (330) 376-9646

*Attorneys for Defendant Stephan Karchut*

Dated: August____4___, 2006

Stephan Karchut

Dated: August____4___, 2006

PCSurveillance.net LLC

By: _____

Its: MARTHA BURAN MANAGING MEMBER

12

**IT IS SO ORDERED.**

Dated this ___8th___ of August 2006.

s/Peter C. Economus
_____

JUDGE PETER C. ECONOMUS

# EXHIBIT A

## LETTER OF APOLOGY

*PCSURVEILLANCE.NET LLC*
*252 W. MAIN STREET*
*CORTLAND, OHIO 44410*

August __  , 2006

Mr. George Tai
Geovision Inc.
9F, 246, Nei Hu Rd., Sec. 1
Taipei City 11443
TAIWAN

Dear Mr. Tai:

Geovision Inc. ("Geovision") has filed a Verified Complaint against Defendants PCSurveillance.net LLC ("PC Surveillance") and Stephan Karchut ("Karchut" and, together with PC Surveillance, "we/us/our") for damages and injunctive and other equitable relief for:

(a) creating unauthorized copies of its proprietary software (the "Geovision Software") through the burning of installation CDs;

(b) manufacturing and causing to be manufactured, and importing, distributing, and offering to the public a "GeoVision Based USB Software Dongle" so that customers who purchased digital video surveillance or DVR cards known as "GeoVision Based" DVR cards would have the ability to upgrade to the latest version of the Geovision Software as and when new versions are released by Geovision; and

(c) using the designations "Geovision," "GV," and/or "Geovision-based" and other designations and descriptive terms likely to cause confusion, mistake, or to deceive, including on web sites affiliated with PC Surveillance or with Karchut, or with both, and on and in advertising and media associated with PC Surveillance or with Karchut, or with both.

As you know, we have consented to a permanent injunction contained in a final Order (the "Final Order"), signed by the Court, which is a matter of public record.

Pursuant to the United States Copyright Act, Geovision has the exclusive right to reproduce its registered Geovision Software in copies, to prepare derivative works based on its registered Geovision Software, to distributes copies of its registered Geovision Software to the public, and to stop any infringement of these rights. Pursuant to the Lanham Act, Geovision has the exclusive right to use the designations "Geovision," GeoVision," "GV," and any other similar designations as designations of source, and to stop any encroachment upon these rights.

Our unauthorized activities have injured Geovision's reputation and rights. Accordingly, we have consented to the Court's Final Order. Due to our misconduct and our mistakes, we have waived all right to seek judicial review or otherwise challenge the validity of the Court's Final Order.

We hereby acknowledge, though now deeply regret, that our improper activities have deceived consumers and did in fact harm Geovision.  The purpose of this letter is to convey to you our most sincere apologies for the loss of business and professional expenses, as well as the inconvenience that you and other members of your team at Geovision have suffered as a result of our activities during the last several months.

The prompt and sweeping nature of the legal action taken by your company has been sobering. We understand that Geovision is undertaking legal action against infringers all around the world and would certainly advise other parties presently selling or contemplating selling counterfeited or unauthorized Geovision products to reconsider.

Please kindly accept our sincere apology.  We truly respect your business and intellectual property rights and wish you and your company continued success as a leader and innovator in the digital surveillance industry.


Sincerely,


_____
PCSurveillance.net LLC


_____
Stephan Karchut

Doc 1383391  Ver 1